## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

WILLIAM F. CARADINE/ASSABUR,                                    PLAINTIFF
ADC #90785

v.                          5:11-cv-00223-JMM-JTK

MS. CONRAD, Mailroom Supervisor,
Varner Unit, Arkansas Department of Correction                  DEFENDANT

### ORDER

The Court has received proposed findings and recommendations from United States Magistrate Judge Jerome T. Kearney in which he finds that Plaintiff's complaint should be dismissed because Plaintiff is considered a "three-striker" pursuant to 28 U.S.C. § 1915(g). After a review of those proposed findings and recommendations, and the timely objections[1] received thereto, as well as a <u>de</u> <u>novo</u> review of the record, the Court adopts them in their entirety. In addition, the Court finds that Plaintiff's amended complaint fails to raise any claims or facts which would result in application of the exception to the "three strike" rule found in § 1915(g).[2] Accordingly,

IT IS, THEREFORE, ORDERED that:

1.      Plaintiff Caradine/Assabur's Motion to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (Doc. No.

---

[1] The Court construes Plaintiff's premature notice of appeal as objections to the Magistrate Judge's proposed findings and recommendations.

[2] Plaintiff has filed an amended complaint in which he states that his claims fall within the exception found in § 1915(g) because he is in imminent danger of serious physical injury. Plaintiff's original claim was that the Defendant, a mail-room supervisor, failed to provide him a receipt for cash sent to him from his grandmother. Plaintiff's amended complaint does not add any new defendants and states that Plaintiff is in imminent danger because he is"exposed to raw sewage, aggravated mail theft receptacle, denied treatment for colon cancer, special food diet, high blood pressure medications, deprived of prosthetic shoes, denial of medical care for heart problems of clog[] arteries, and forced to work against medical restrictions." The only imminent danger connected to the defendant in this case is Plaintiff's claim of aggravated mail theft receptacle. The Court finds that this claim fails to fall within the exception found in § 1915(g). There are no facts pled in his complaint or amended complaint which would connect this Defendant with Plaintiff's remaining claims of imminent danger of serious physical injury.

1) is DENIED.

  2. Should Plaintiff wish to continue this case, he is required to submit the statutory filing fee of $350.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

  3. Plaintiff's Complaint is DISMISSED without prejudice.

An appropriate Judgment shall accompany this Order.

IT IS SO ORDERED this  20  day of  October , 2011.

           _____
           JAMES M. MOODY
           UNITED STATES DISTRICT JUDGE